IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ROSEMARY COLLINS,

       v.                                        Case No. 3:21-CV-00390

ENERGIZER HOLDINGS, INC. and its
wholly owned subsidiary, ENERGIZER
MANUFACTURING, INC.

**PLAINTIFF ROSEMARY COLLINS' MOTION TO STRIKE OR DISREGARD NEW FACTS AND ARGUMENTS SUBMITTED BY DEFENDANTS ENERGIZER HOLDINGS, INC. AND ENERGIZER MANUFACTURING, INC. IN THEIR REPLY TO THEIR MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiff, Rosemary Collins, by her attorney, the Huber Law Firm, LLC, hereby moves the court to strike or disregard all evidence and arguments presented for the first time in the Defendants' Energizer Holdings, Inc. and Energizer Manufacturing, Inc., reply submissions in support of their motion for summary judgment.

**II.    LEGAL ARGUMENTS**

It is well established that new facts and arguments cannot be made in reply. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir.1989); *Louisma v. Automated Fin., LLC,* No. 11 CV 2104, 2011 WL 5105377, at *3 n.1 (N.D.Ill, Oct. 27, 2011) ("This practice of raising arguments and offering exhibits for the first time in a reply brief must be avoided so as to provide the nonmoving party a fair opportunity to file a comprehensive response."). Likewise, arguments raised for the first time in a reply brief are waived. *United States v. Adamson*, 441 F.3d 513, 521 n. 2 (7th Cir. 2006); *Peters v. Astrazeneca*, LP, 417 F. Supp. 2d 1051, 1054 (W.D.

1

Wis. 2006); *Kowalczuk v. Giese*, No. 19-CV-1230-JPS, 2020 WL 137042, at *4, n. 4 (E.D. Wis. Jan. 13, 2020) ("Arguments raised for the first time in a reply brief are waived."). See also *Elborough v. Evansville Community School Dist.*, 636 F.Supp.2d 812, 816 (W. D. Wis., 2009) ("Plaintiff's motion to disregard new evidence submitted with defendants' reply submissions was granted in compliance with circuit law and the court's summary judgment procedures.); "New arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 2015 WL 846526, at *2, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted); *Saddy v. Agnesian Health Care*, No. 13-CV-519-JPS, 2017 WL 570787, at *5 (E.D. Wis. Feb. 13, 2017)("Defendants may not marshal arguments and evidence for the first time in their reply when they were available and relevant to the issues in their opening brief.")

Such facts and arguments are not considered because they do not allow the other side a fair opportunity to respond and therefore, the Court must disregard them. *See Heller Fin., Inc. v Midwhey Powder Co.* 883 F.2d 1286, 1295 N.7 (7th Cir. 1989)(refusing to consider argument made first in reply).

Here, Defendants have introduced new arguments and facts in their reply submissions as set forth below.

### A. Declaration of Kathy Rehmer.

The Defendants submitted to the Court, for the first time in their reply submissions, a Declaration from Kathy Rehmer including Exhibits A-D attached thereto. (Dkt. # 82, 82-1 to 82-4.) Defendants did not submit a declaration from Ms. Rehmer in their moving papers. As such, any and all information contained in this

2

declaration is new in Defendants' reply brief with the exception of Ms. Rehmer's job title and dates of employment which Plaintiff submitted in the Declaration of Kathy Rehmer filed in her opposition, Dkt #56-11. Defendants cite to these in their reply brief to argue Ms. Rehmer investigated and then, participated in the decision to terminate Plaintiff. (See Dkt # 79, pages 7 (last paragraph) and Page 10 (last paragraph)) As such, this new declaration, its attachments and any arguments related thereto, must be disregarded by the Court.

### B. Declaration of Kayla McCann

The Declaration of Kayla McCann (Dkt # 84) includes the job description for the Cathode Production Tech position as Exhibit A (Dkt # 84-1) and two additional unreported judicial decisions in Exhibit B attached thereto (Dkt # 84-2). As none of these were included with Defendants' opening documents (Dkt # 43 to 43-8) again, they must be disregarded. Exhibit A must also be disregarded because Defendants rely on the Cathode Production Tech job description to argue on page 14 of their Reply brief that the individuals similarly terminated as Plaintiff are not comparable, but instead, are distinguishable.

### C. Declaration of Dustin Mara

The Declaration of Dustin Mara, (Dkt # 83, paragraphs 4-7) filed in Defendants' reply, provide new facts and evidence in support of Defendants' motion for summary judgment which were not included in Mr. Mara's original declaration, Dkt # 42. Specifically, Mr. Mara suddenly included information regarding Bill Popp, Steve Wright, Doug Digman and the fact that during her lengthy tenure, Plaintiff at times worked with other female employees (while failing to note in what capacity or during what timeframe for each). Defendants rely on these new facts to argue that the

comparators to which Plaintiff cited in her opposition are not comparable, but instead, are distinguishable.  (See page 14 of Defendants' Reply Brief Dkt # 79) As none of this information was included in Defendants' moving papers in this motion, the Court must disregard it.

### III.   CONCLUSION

For the above reasons, Plaintiff requests the Court disregard any and all evidence and arguments by Defendants submitted in their reply pleadings that were not initially filed in their moving papers.

Further, if and only if this motion is denied, the Plaintiff prays that she be given the opportunity and time to file a responsive submission.

Dated this 30th day of September, 2022.

> Respectfully submitted,
> Rosemary Collins, Plaintiff
>
>
> By _____/S/_____
> Beth A. Huber
> Counsel for Plaintiff Rosemary Collins
> Huber Law LLC
> State Bar Number 1120263
> N1131 County Road L
> Watertown, WI  53098
> (415) 497 9173 (Phone)
> (920) 542-6090 (Facsimile)
> bhuber@huberlawfirm.net

## PROOF OF SERVICE

I, Vicki Hagstotz, declare: I am a resident of the United States, over the age of 18 years, and not a party to the above captioned suit. My business address is N1131 County Road L, Watertown, WI 53098. I am readily familiar with my offices' business practices for collection and processing of correspondence.

On the date set forth below, I served the following document(s):

**PLAINTIFF ROSEMARY COLLINS' MOTION TO STRIKE OR DISREGARD NEW FACTS AND ARGUMENTS SUBMITTED BY DEFENDANTS ENERGIZER HOLDINGS, INC. AND ENERGIZER MANUFACTURING, INC. IN THEIR REPLY TO THEIR MOTION FOR SUMMARY JUDGMENT**

___ (By mail) I caused each of the above document(s) to be placed in a sealed envelope, with postage thereon fully prepaid, to be deposited this date in Watertown, Wisconsin addressed to each party or parties at the addresses listed below

___ (By Overnight Mail) On this date I placed the above document(s) to be picked up by California Overnight, an overnight courier service, to deliver to the party or parties listed below at the address indicated.

__X__ (By E-Mail) I E-Mailed the above document(s) on this date to the party or parties indicated below at the E-Mail address indicated.

| |  |
|---|---|
| Sarah J. Platt<br>Sarah.Platt@ogletree.com<br>Jesse R. Dill<br>Jesse.Dill@ogletree.com<br>Kayla A. McCann<br>Kayla.McCann@ogletree.com<br>Ogletree, Deakins, Nash, Smoak & Stewart,<br>PC 1243 N. 10th Street, Suite 200<br>Milwaukee, WI 53205<br>Phone: (414) 239-6400 | |

I declare under penalty of perjury under the laws of the State of Wisconsin that the foregoing is true and correct.

Executed on September 30, 2022 at Watertown. Wisconsin.

_____
Vicki Hagstotz